**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1342-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FRANK SAGGESE, a/k/a
CHRISTOPHER BURCHELL,
CHRISTOPHER S. BURCHELL,
FRANK M. SAGGESSE,
FRANK ZABORNY, and
FRANK ZABRORNY,

    Defendant-Appellant.

_____

Argued December 17, 2025 – Decided January 16, 2026

Before Judges Smith and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment Nos. 17-04-0347, 17-06-0550, 17-06-0561, and 17-07-0706.

Steven E. Braun argued the cause for appellant.

Timothy P. Kerrigan Jr., Chief Assistant Prosecutor, argued the cause for respondent (Camelia M. Valdes,

Passaic County Prosecutor, attorney; Julie Serfess, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Frank Saggesse appeals from a November 11, 2024 trial court order denying his second petition for post-conviction relief (PCR) without a hearing after finding defendant failed to establish a prima facie case of ineffective assistance of counsel. We agree with the court's conclusion but for different reasons. Defendant's second PCR must be dismissed under Rule 3:22-4. We affirm for the reasons which follow.

I.

A.

Defendant was charged with four indictments, stemming from four incidents which occurred in 2016. Indictment Nos. 17-04-0347, 17-06-0561 and 17-07-0706 included burglary and two counts of drug possession charges. Indictment No. 17-06-0550 alleged defendant carjacked a mother and kidnapped her three toddlers, who were passengers in the car.

On June 4, 2018, defendant pled guilty to: first-degree carjacking and second-degree kidnapping under Indictment No. 17-06-0550; two counts of third-degree possession of controlled dangerous substances (CDS) under

Indictment Nos. 17-06-0561 and 17-07-0706; and third-degree burglary under

Indictment No. 17-04-0347.

We find it helpful to the reader to set forth the plea hearing record on

Indictment No. 17-06-0550, the carjacking and kidnapping counts.

During the carjacking colloquy, the following exchange took place:

> [PLEA COUNSEL:] Mr. Saggese, on December 2nd of . . . 2016 you were in Paterson, New Jersey. Is that correct?
>
> [DEFENDANT:] Correct.
>
> [PLEA COUNSEL:] And about 9:20 in the morning you were in front of the Wendy's that is at 145 Broadway.
>
> [DEFENDANT:] Correct.
>
> [PLEA COUNSEL:] Now while you were there, there was a car that you noticed there, correct?
>
> [DEFENDANT:] That's correct.
>
> . . . .
>
> [PLEA COUNSEL:] Okay. Now you entered that [car], right?
>
> [DEFENDANT:] That's correct.
>
> . . . .
>
> [PLEA COUNSEL:] Okay. And did you have permission to enter that car from the owner?

A-1342-24

[DEFENDANT:] No.

. . . .

[PLEA COUNSEL:] Okay. So[,] you were taking the car to steal it, right?

[DEFENDANT:] Yes.

. . . .

[PLEA COUNSEL:] Okay. Now the victim came up while you were there. At the time you didn't know who that was, right?

[DEFENDANT:] That's correct.

. . . .

[PLEA COUNSEL:] And she tried to stop you from stealing the car, right?

[DEFENDANT:] Yes. Yes.

. . . .

THE COURT: Okay. And you intended to take the car and she had her hand on the door trying to stop you, correct? Or she -- what other reason -- . . . she didn't say, I want to ride with you, did she?

[DEFENDANT:] No, but she didn't say anything to me.

. . . .

During the kidnapping colloquy, the following exchange took place:

4

A-1342-24

[PLEA COUNSEL:]  Okay.  But after you began driving away, you realized that there were three children in the backseat of that car, right?

[DEFENDANT:]  That's correct.

. . . .

[PLEA COUNSEL:]  And there were three children all between the ages of two and seven in the backseat, right?

[DEFENDANT:]  Yes, sir.

. . . .

[PLEA COUNSEL:]  Okay.  And at that point you did not stop the car right then and there, right?

[DEFENDANT:]  No.

[PLEA COUNSEL:]  You drove . . . to the Napa Auto Parts, which is over the river in Hawthorne.  Is that right?

[DEFENDANT:]  That's correct.

. . . .

[PLEA COUNSEL:]  Okay.  And so[,] for that period the children were confined to the backseat of the car as you were driving, right?

[DEFENDANT:]  That's correct.

[PLEAS COUNSEL:]  Okay.  And that was in facilitation or because you were trying to steal the car, right?

A-1342-24

[DEFENDANT:] That's correct.

[PLEA COUNSEL:] Okay. And so[,] you were aware that those children were there, you were trying to steal the car, and you didn't immediately let the children out of the car, correct?

[DEFENDANT:] That's right.

[PLEA COUNSEL:] And then later you did let them out at the Napa Auto Parts and they were unharmed when they were there?

[DEFENDANT:] That's correct.

On the carjacking conviction, the court sentenced defendant to sixteen years' incarceration, with eighty-five percent parole ineligibility. The sentences for the remaining convictions ran concurrent to the sixteen year term. Defendant appealed his sentence and we affirmed, concluding that defendant's sentence was "not manifestly excessive or unduly punitive and d[id] not constitute an abuse of discretion." State v. Saggese, No. A-0435-18 (App. Div. Mar. 14, 2019).

Defendant then moved for PCR, alleging ineffective assistance of counsel (IAC) for failing to advise the court at sentencing of defendant's bipolar disorder diagnosis. The PCR court denied his IAC claim without a hearing, finding trial

A-1342-24

counsel's representation was not deficient under Strickland.[1] We affirmed, finding the PCR court did not err in denying defendant's IAC claim without a hearing. State v. Saggese (Saggese I), No. A-0687-21 (App. Div. Feb. 8, 2023) (slip op. at 8).

Saggese I recounts the relevant facts:

> On December 2, 2016, defendant entered [M.A.'s] car with the intent to take possession of it and drive it away without [M.A.'s] permission. [M.A.] was in the car, as were her three minor children, ages two, four, and five years. When defendant entered the car, the children were in the back seat. Defendant drove off with the children still in the car and [M.A.] clinging to the car. Even after becoming aware there were small children in the car, defendant dragged a desperate [M.A.] alongside the car until she fell away. Defendant then drove to an auto parts store parking lot where he abandoned the children and the car. He stole another car from the parking lot. Eventually, police tracked defendant in the second stolen car and arrested him. At the time of defendant's arrest, [M.A.'s] credit cards were found in his possession.
>
> [Saggese I, slip op. at 3.]

The Supreme Court denied defendant's petition for certification on September 11, 2023. State v. Saggese, 255 N.J. 275 (2023).

---

[1] Strickland v. Washington, 466 U.S. 668, 687 (1984).

B.

On November 22, 2023, defendant filed a second PCR petition, alleging IAC against plea counsel for "fail[ing] to sufficiently advise and counsel defendant about his complicity" for the carjacking and kidnapping crimes. Further, defendant alleged IAC against his first PCR counsel for failing to raise the insufficient plea claim in the initial PCR application. The PCR court denied defendant's second PCR petition without a hearing, finding he had not established a prima facie IAC claim under Strickland/Fritz.[2] On appeal, defendant argues:

> POINT I—THE ELEMENTS OF CARJACKING WERE NOT ESTABLISHED DURING THE PLEA COLLOQUY, AND FIRST PCR COUNSEL WAS INEFFECTIVE BY NOT RAISING THE ISSUE AT THE FIRST PCR HEARING.
>
> POINT II—THE ELEMENTS OF KIDNAPPING WERE NOT ESTABLISHED DURING THE PLEA COLLOQUY, THE KIDNAPPING CHARGES WERE INCIDENTAL TO THE CARJACKING CHARGE, AND FIRST PCR COUNSEL WAS INEFFECTIVE BY NOT RAISING THE ISSUES AT THE FIRST PCR HEARING.
>
> POINT III—DEFENDANT'S SECOND PCR PETITION IS NOT BARRED BY R. 3:22-4.

---

[2] State v. Fritz, 105 N.J. 42 (1987).

II.

A.

Since "the PCR court did not hold an evidentiary hearing, we review both the factual inferences drawn from the record and any legal conclusions de novo." State v. Balbosa, 481 N.J. Super. 497, 519 (App. Div. 2025). We review the PCR court's interpretations of law de novo. State v. Hernandez-Peralta, 261 N.J. 231, 246 (2025) (citing State v. Harris, 181 N.J. 391, 419 (2004)).

B.

In this appeal from the court's order denying his second PCR application, defendant's main line of attack is the sufficiency of the original plea.

However, as a threshold matter, we consider whether defendant's second PCR petition may proceed at all, given the express language of Rule 3:22-4. As a general proposition, Rule 3:22-4 is a rule of exclusion. It operates to exclude "[a]ny ground for relief not raised in the proceedings resulting in the conviction . . ." subject to enumerated exceptions. Rule 3:22-4(b) specifically compels dismissal of a second PCR unless a petitioner can show timeliness and properly allege one of three express grounds for relief.

We analyze the record using Rule 3:22-4(b).

Subsection (b) first <u>requires</u> dismissal of a second PCR petition unless it is deemed timely under <u>Rule</u> 3:22-12(a)(2), which in pertinent part states that a second PCR petition is timely if it is filed within one year after "the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged." The record shows defendant filed his second PCR petition on November 22, 2023, a little over two months after the Court's September 11, 2023 denial of certification regarding his first PCR petition. We conclude his petition is timely under <u>Rule</u> 3:22-12(a)(2) and, ultimately <u>Rule</u> 3:22-4(b).

Having addressed timeliness, we now consider the two relevant potential grounds for relief under <u>Rule</u> 3:22-4(b). A moving party filing a timely second or subsequent PCR may allege a proper ground for relief and avoid dismissal if they can demonstrate that:

> the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable due diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>
> that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on

10

the first or subsequent application for post-conviction relief.

[R. 3:22-4(b)(2)(B) to (C).]

Defendant argues his second PCR meets the requirements of subsections (B) and (C) above. Defendant asserts: (1) that the factual predicate for his relief sought could not have been previously discovered because "he was a lay person depending on his attorney to steer him properly through the legal process, and they failed to do so,"; and (2) that his petition alleges a prima facie case of IAC against his first PCR counsel. We are unpersuaded.

It is well-settled that claims regarding the factual sufficiency of a guilty plea may be brought on direct appeal or a motion to withdraw a guilty plea. See State v. Urbina, 221 N.J. 509, 527-28 (2015).[3] Defendant's claims regarding the factual basis set forth in his plea allocution do not belong in a second PCR, given the record before us. They could have been raised in a Slater[4] application before sentencing, or on direct appeal. Defendant cannot show that the facts

---

[3] "Challenges to the sufficiency of the factual basis for a guilty plea are most commonly brought by way of a motion to the trial court to withdraw that plea . . . or on post-conviction relief. . . . Although less common, a defendant may also challenge the sufficiency of the factual basis for his guilty plea on direct appeal." 221 N.J. at 527-28 (internal citations omitted).

[4] State v. Slater, 198 N.J. 145 (2009).

surrounding his allocution, extant at the time he pled guilty, "could not have been discovered earlier through the exercise of reasonable due diligence." Put simply, he cannot satisfy subsection (B). Defendant's failure to raise this challenge to his conviction on direct appeal undermines any first PCR claim he could have brought on this issue. In Saggese I we affirmed the court's finding that no evidentiary hearing was required because defendant failed to make a prima facie showing of IAC. We see nothing different here. Defendant cannot satisfy either of the relevant exceptions for grounds for relief under Rule 3:22-4(b)(2).

Defendant also relies on our decision in State v. Wildgoose, 479 N.J. Super. 331 (App. Div. 2024), contending that fundamental fairness principles call for avoiding dismissal under Rule 3:22-4. We disagree, as Wildgoose is easily distinguishable. In Wildgoose, we found the rule did not prevent our review of that defendant's colorable constitutional PCR claims regarding certain Attorney General guidelines, and we remanded in part for the State to submit a statement of reasons in support of its decision to withhold a pre-indictment plea offer. 479 N.J. Super. at 343-48. Here defendant argues that plea counsel's alleged ineffective assistance is itself a fundamental injustice, contending that, but for the IAC, he would not have pled guilty to carjacking and kidnapping. He

contends that this fundamental injustice should cause us to invoke the fairness exception under <u>Wildgoose</u>. We find this circular argument without merit and belied by the record made during his allocution. Because dismissal of the second PCR is required under <u>Rule</u> 3:22-4, it follows that defendant's remaining substantive arguments lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1342-24